IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   $40,000.00  IN UNITED STATES CURRENCY,
2.   $19,920.00  IN UNITED STATES CURRENCY,
3.   $40,000.00  IN UNITED STATES CURRENCY,
4.   $40,000.00  IN UNITED STATES CURRENCY,
5.   $40,000.00  IN UNITED STATES CURRENCY,
6.   $7,686.00  IN UNITED STATES CURRENCY,
7.   $91,025.00  IN UNITED STATES CURRENCY,
8.   $31,000.00  IN UNITED STATES CURRENCY,

      Defendants.
_____

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*
_____

The United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

## JURISDICTION AND VENUE

1.    The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6), seeking forfeiture of the defendant property based upon violations of 18 U.S.C. §§ 1956(a)(1)(B)(i),  1957(a), 1960(a)(1)(A), and 21 U.S.C. § 801 *et seq.* This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.      Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant property is located, and the acts described herein occurred, in the District of Colorado.

DEFENDANT PROPERTY

3.      Defendant property is more fully described as:

a.      $40,000.00 in United States currency ("defendant $40,000.00 in U.S. currency #1"), seized on August 13, 2020, from Yunrong Liu, near 6767 S. Clinton Street, Greenwood Village, Colorado.   Defendant $40,000.00 in U.S. currency #1 is currently being held by the United States Marshals Service.

b.      $19,920.00 in United States currency ("defendant $19,920.00 in U.S. currency"), seized on August 13, 2020, from Xiaohui Tang, near 6767 S. Clinton Street, Greenwood Village, Colorado.   Defendant $19,920.00 in U.S. currency is currently being held by the United States Marshals Service.

c.      $40,000.00 in United States currency ("defendant $40,000.00 in U.S. currency #2"), seized on September 1, 2020, from He Xian Chen, Chun Jin Lin, and Yan Zhang Liu, near 10900 E. Briarwood Avenue, Centennial, Colorado. Defendant $40,000.00 in U.S. currency #2 is currently being held by the United States Marshals Service.

d.      $40,000.00 in United States currency ("defendant $40,000.00 in U.S. currency #3"), seized on September 1, 2020, from He Xian Chen, Chun Jin Lin, and Yan Zhang Liu, near 10900 E. Briarwood Avenue, Centennial, Colorado. Defendant $40,000.00 in U.S. currency #3 is currently being held by the United States

Marshals Service.

        e.    $40,000.00 in United States currency ("defendant $40,000.00 in U.S. currency #4), seized on February 2, 2021, from 7602 W. 72nd Place, Arvada, Colorado.   Defendant $40,000.00 in U.S. currency #4 is currently being held by the United States Marshals Service.

        f.    $7,686.00 in United States currency ("defendant $7,686.00 in U.S. currency), seized on February 2, 2021, from 7602 W. 72nd Place, Arvada, Colorado. Defendant $7,686.00 in U.S. currency is currently being held by the United States Marshals Service.

        g.    $91,025.00 in United States currency ("defendant $91,025.00 in U.S. currency), seized on February 2, 2021, from First Bank safe deposit box #1437. Defendant $91,025.00 in U.S. currency is currently being held by the United States Marshals Service.

        h.    $31,000.00 in United States currency ("defendant $31,000.00 in U.S. currency), seized on February 5, 2021, from First Bank safe deposit box #626. Defendant $31,000.00 in U.S. currency is currently being held by the United States Marshals Service.

<u>FACTUAL BASIS FOR FORFEITURE</u>

    4.    Except as otherwise noted, all the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

3

**Engaging in Money Transmitting Without a License**

5.      An unlicensed money transmitting business is defined as one which affects interstate or foreign commerce in any manner or degree, is operated without an appropriate license in a state, whether or not the transmitter knew that the operation was required to be licensed, is not in compliance with the money transmitting business registration requirements under 31 U.S.C. § 5330, which requires that money transmitting businesses be registered with the Secretary of the Treasury, or otherwise involves the transportation or transmission of funds that are known by the transmitter to have been derived from a criminal offense, or are intended to be used to promote or support unlawful activity.

6.      Money transmitting is defined as transferring funds on behalf of the public, by any and all means, including but not limited to, transfers within the United States or to locations abroad by wire, check, draft, facsimile or courier.

**Background of Money Laundering Investigation**

7.      In June of 2020, the Drug Enforcement Administration (DEA) began investigating a Chinese Money Laundering Organization (CMLO), which is engaged in transferring U.S. currency derived from illegal drug sales, specifically black market marijuana grown in Colorado, to Chinese Nationals living in the United States, who are in turn engaged in capital flight from China.

8.      The CMLO collects the drug proceeds from Drug Trafficking Organizations (DTO) operating in the United States, and then makes equivalent dollar amount mobile intra-bank transfers between Chinese bank accounts controlled by the CMLO and the

DTO.

9.     The DTO can then use the Chinese currency to purchase durable goods from Chinese manufacturers that are then shipped to and sold in Mexico, thereby making the revenue earned in Mexico to appear legitimate.

10.     The CMLO takes the U.S. currency derived from illegal drug sales and sells it to Chinese Nationals living in the United States, who use it to purchase or maintain assets in the United States, or to gamble in U.S. casinos.   Upon receiving the U.S. currency, the Chinese Nationals make equivalent dollar amount mobile intra-bank transfers between Chinese bank accounts controlled by the Chinese Nationals and the CMLO.

11.     The Chinese Nationals are thus subverting China's capital control regulations, which prohibit the removal of more than $50,000 from the country.

12.     The DTO's can avoid having to physically transport large amounts of currency, and having to use traditional banking channels, and can therefore avoid the scrutiny of financial institutions and law enforcement agencies.

13.     The Chinese Nationals can avoid China's capital control regulations by essentially accessing and using their Chinese funds in the United States without having to move any funds out of the country.

14.     The CMLO acts as an unlicensed money transmitter, between the DTO needing to move large amounts of currency, and Chinese Nationals living in the United States who need to access their funds that are stuck in China.

15.     WeChat is a China-based multi-purpose messaging, social media, and

mobile payment platform.   The WeChat app provides users with services such as text-messaging, voice-messaging, video conferencing, file sharing, location sharing, and digital payment services.

**Defendants $40,000 in U.S. Currency #1 and $19,920.00 in U.S. Currency**

16.     Records indicate that Xiaohui Tang and Yunrong Liu are signers on US Bank account xxxx8238.   Bank statements for this account are being mailed to their residence at 5003 Billings Street, Denver, Colorado.

17.     Between December 2018 and June 2020, $27,350.00 in cash deposits, each for less than $4,000.00, were made into US Bank account xxxx8238.

18.     Between July 2019 and September 2019, two cash deposits totaling $16,950.00 were made into US Bank account xxx8238 by an individual living in Tennessee.

19.     Between March 2020 and April 2020, two additional cash deposits totaling $5,500.00 were made into US Bank account xxx8238 by another individual living in Tennessee.

20.     Investigators have determined that some members of the DTO had originally resided in Tennessee before coming to Colorado.

21.     On September 8, 2020, a check from Xcel Energy for $417.23 was deposited into US Bank account xxx8238.   The check was made payable to Xiaohui Tang at the address 7602 W. 72nd Place, Arvada, Colorado.

22.     On August 8, 2020, an undercover investigator (UC) befriended an individual on WeChat, who used the WeChat ID "tang101010-gmail-com."   The

individual using WeChat ID "Tang101010-gmail-com" was later identified as Xiaohui Tang.

23.    Using the WeChat platform, the UC discussed setting up a money transfer with Tang, whereby Tang would provide $60,000.00 in United States currency to the UC, and the UC would then deposit the equivalent amount of Chinese Renminbi into a bank account in China, essentially acting as an illegal money transmitter.

24.    On August 9, 2020, again using the WeChat platform, the UC and Tang discussed how much the UC would be paid to make the transfer and Tang stated he would pay 6.9%.   The UC and Tang agreed to meet on August 13, 2020, at 1:00pm in the parking lot of a Target store located at 6767 S. Clinton Street, Greenwood Village, Colorado.

25.    On August 13, 2020, Tang sent a message on WeChat to the UC and stated he would be arriving in a red Toyota.   Tang owns a red Toyota Prius, which is registered to his residence in Denver, Colorado.

26.    On August 13, 2020, at approximately 1:00pm investigators observed Tang's red Toyota Prius arrive and park at a Key Bank branch located near the Target parking lot.   A woman exited the red Toyota Prius and entered the Key Bank.

27.    Tang then drove on toward the Target parking lot and investigators intercepted his vehicle.   Investigators spoke with Tang, who offered that he was carrying a handgun, and had another firearm inside his vehicle.   Investigators discovered defendant $19,920.00 in U.S. currency inside a U.S. Postal Service envelope in a plastic bag on the floor of the backseat area of the Toyota Prius.

7

28.     Tang told investigators that he met a person he did not know on the internet who wanted him to exchange $10,000.00 in U.S. currency.   Tang said he had dropped his wife, Yunrong Liu, at the Key Bank before he met with the person because he was worried about meeting someone he did not know.

29.     Investigators asked Tang why he was meeting a stranger to exchange currency and he said he needed to send the money to China to help pay for his father's medical treatments.   Investigators then asked Tang why he did not just transfer the money himself using his own bank and Tang refused to answer.

30.     Investigators located Tang's wife at the Key Bank, and she told investigators she was carrying defendant $40,000.00 in U.S. currency #1.   Defendant $40,000.00 in U.S. currency #1 was in a vacuum sealed bag, inside a brown paper bag, inside Liu's purse.   Investigators asked Liu why she was carrying so much money and she said it was from her husband's restaurant, but she could not say where the restaurant was located.   Employees at Key Bank later told investigators that they had noticed Liu waiting in the lobby area of the bank, but she did not conduct any business while in the bank or access a safe deposit box.   Several bank employees asked her if she needed assistance and she said she was waiting for her husband.

31.     Investigators told Tang and Liu that they knew the proposed transaction was to be for $60,000.00 in U.S. currency, and Tang then said the deal was to be for $20,000.00.   Tang said that the money was his life's savings from working at a restaurant, but also said that he was currently unemployed.

**Reported Wages: Xiaohui Tang and Yunrong Liu**

32.     Based on a search of Colorado wage information, Xiaohui Tang had wages of $7,994.80 in 2020 and $13,997.05 in 2019.   Tang had no other reported earnings.

33.     Based on a search of Colorado wage information, Yunrong Liu has not had any reported wages over the last five years.

**Defendants $40,000 in U.S. Currency #2 and $40,000.00 in U.S. Currency #3**

34.     On August 17, 2020, a UC befriended an individual on WeChat, who used the WeChat ID "zhangtianyu2604."   The individual using WeChat ID "zhangtianyu2604" was later identified as Tianyu Zhang.

35.     Using the WeChat platform, the UC discussed setting up a money transfer with Zhang, whereby Zhang would provide $70,000.00 in United States currency to the UC, and the UC would then deposit the equivalent amount of Chinese Renminbi into a bank account in China, essentially acting as an illegal money transmitter.

36.     The UC and Zhang agreed to meet to exchange $70,000.00 on September 1, 2020, at 5:00pm in the parking lot of a Walmart store located at 10900 E. Briarwood Avenue, Centennial, Colorado.

37.     On September 1, 2020, Zhang communicated with the UC via WeChat stating he would arrive in a white Lexus SUV, separately from the person bringing the money.   Zhang stated he would meet with that person first to get the money and would then call the UC when he was ready to make the exchange.

38.     On September 1, 2020, at approximately 5:00pm, investigators observed Zhang arrive at the Walmart parking lot in a white Lexus SUV.   Zhang circled the

parking lot and then parked near a white Toyota Camry in the center of the parking lot. The Toyota Camry was occupied by Yan Zhang Liu**,** Chun Jin Lin and He Xian Chen.

39.     Investigators arrived and spoke with the driver Yan Zhang Liu, who stated that he worked in a restaurant and was just driving his two companions to the Walmart to meet with someone.   In the back seat of Liu's vehicle, investigators discovered defendant $40,000.00 in U.S. currency #2 inside a black backpack, and defendant $40,000.00 in U.S. currency #3 inside a red purse.   Both were located on the floor of the backseat area.

40.     Investigators then spoke with Zhang who stated that he worked at a car dealership, but said he also made a lot of his income from brokering money exchanges. Zhang stated that he was attempting to broker an exchange of U.S. dollars for Chinese currency.   Zhang stated that he had done this many times and usually made $100 for every $10,000 exchanged and that he knew it was illegal to exchange money in this way.

41.     Zhang said that many of his customers owned restaurants or massage parlors, but he had worked with other customers who were marijuana growers.

42.     After leaving the scene, investigators followed Liu in the white Toyota Camry which traveled to Chun Jin Lin's residence at 5326 Independence Street, Wheatridge, Colorado, and then onto Liu's own residence at 7602 W. 72nd Place, Arvada, Colorado.   Investigators noted that Xiaohui Tang's red Toyota Prius was parked at Liu's residence at the time.   Xiaohui Tang had attempted a money exchange in a Target store parking lot on August 13, 2020.

**Reported Wages: Chun Jin Lin and He Xian Chen**

43.     Based on a search of Colorado wage information, Chun Jin Lin had wages of $18,000.00 in 2020, $22,200.00 in 2019, $26,967.60 in 2018, $14,402.43 in 2017, and $18,998.70 in 2016.

44.     Based on a search of Colorado wage information, He Xian Chen had wages of $8,750.00 in 2020, $1,500.00 in 2015, and had no other reported wages.

**Defendants $40,000.00 in U.S. Currency #4, $7,686.00 in U.S. Currency, and $91,025.00 in U.S. Currency**

45.     On February 4, 2021, investigators conducted search warrants at two residences owned by Yan Zhang Liu, who was involved in the money exchange in a Walmart store parking lot on September 1, 2020.

46.     7602 W. 72nd Place, Arvada, Colorado was purchased by Yan Zhang Liu in August 2017 for $380,000.00, with a mortgage from FirstBank in the amount of $320,000.00.

47.     Upon searching the residence at 7602 W. 72nd Place, investigators discovered $40,000.00 in U.S. currency #4 in the attic of the residence.   Defendant $40,000.00 in U.S. currency #4 was found in four bundles, each in a vacuum sealed bag, inside a U.S. Postal Service envelope hidden in the attic.   Investigators discovered defendant $7,686.00 in U.S. currency in a gun safe in Yan Zhang Liu's bedroom.

48.     In an outbuilding located at the back of the 7602 W. 72nd Place, investigators discovered what appeared to be a setup for a large marijuana grow, including lights, ballasts, an air conditioning unit, and a sophisticated air filtration

system.   The inside of the building had the strong odor of marijuana.

49.      Investigators also discovered 21 pounds of marijuana shake in two black trash bags, one pound of finished marijuana in a clear plastic bag, two vacuum sealers, and a firearm.   Yan Zhang Liu, his wife Gaoyu Chen, and his sister Yu Zhen Liu were present during the search.

50.      17694 W. 84th Drive, Arvada, Colorado was purchased by Yan Zhang Liu in December 2019 for $531,000.00, with a mortgage from Loan Depot in the amount of $446,040.00.

51.      Upon searching the residence at 17694 W. 84th Drive, investigators discovered a large marijuana grow with 681 marijuana plants in various stages of maturity throughout five rooms in the basement of the residence.   There were no occupants present during the search.

52.      On February 4, 2021, investigators conducted a search warrant on a FirstBank safe deposit box #1437, which is owned by Yan Zhang Liu.   Inside the safe deposit box, investigators discovered defendant $91,025.00 in U.S. currency.

**Reported Wages: Yan Zhang Liu**

53.      Based on a search of Colorado wage information, Yan Zhang Liu had wages of $9,050.00 in 2020, $43,250.00 in 2019, $16,800.00 in 2018, $36,250.00 in 2017, and $8,000.00 in 2016.

**Defendant $31,000.00 in U.S. Currency**

54.      On February 5, 2021, investigators conducted a search warrant at 4835 S. Danube Way, Aurora, Colorado, which is the residence of He Xian Chen and her

husband Guo Li Liu.   He Xian Chen had attempted a money exchange with Yan Zhang Liu in a Walmart store parking lot on September 1, 2020.

55.     Investigator discovered a large marijuana grow in the basement of the residence consisting of 493 marijuana plants.   Investigators also discovered 2 pounds of finished and packaged marijuana and five pounds of harvested fresh green marijuana buds.

56.     Guo Li Liu told investigators that the marijuana grow belonged to him, and that he uses some of the marijuana, and sells the rest.   Guo Li Liu would not provide the names of the people he sold marijuana to, but said he charges $500-$600 per pound.

57.     During the search investigators discovered a key for a safe deposit box at First Bank.   The safe deposit box is owned by Guo Li Liu.

58.     On February 5, 20201, investigators executed a search warrant on First Bank safe deposit box #626 and discovered defendant $31,000.00 in U.S. currency.

**Reported Wages: Guo Li Liu**

59.     Based on a search of Colorado wage information, Guo Lin Liu had total wages of $49,657.22 since 2015.

60.     Based on facts and circumstances described above, evidence shows that the defendant currency was transmitted, or attempted to be transmitted, by individuals who were not licensed by the State of Colorado as authorized money transmitting businesses, is property involved in money laundering, and/or was derived from or involved in illegal drug trafficking, and are therefore subject for forfeiture.

## VERIFICATION OF BLAKE M. SCHNITKER
## SPECIAL AGENT, HOMELAND SECURITY INVESTIGATIONS

I, Special Agent Blake M. Schnitker, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

Blake M. Schnitker
Special Agent- HSI

### FIRST CLAIM FOR RELIEF

61.     The Plaintiff repeats and incorporates by reference the paragraphs above.

62.     By the foregoing and other acts, defendant $40,000.00 in U.S. currency #1 constitutes property involved in a financial transaction, or attempted transaction, that was derived from proceeds of some form of unlawful activity, in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

### SECOND CLAIM FOR RELIEF

63.     The Plaintiff repeats and incorporates by reference the paragraphs above.

64.     By the foregoing and other acts, defendant $40,000.00 in U.S. currency #1 constitutes property involved in a monetary transaction in criminally derived property greater than $10,000.00, and is derived from specified criminal activity, in violation of 18 U.S.C. § 1957(a), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

### THIRD CLAIM FOR RELIEF

65.     The Plaintiff repeats and incorporates by reference the paragraphs above.

66.     By the foregoing and other acts, defendant $40,000.00 in U.S. currency #1 constitutes moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and/or

securities used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FOURTH CLAIM FOR RELIEF

67.     The Plaintiff repeats and incorporates by reference the paragraphs above.

68.     By the foregoing and other acts, defendant $19,920.00 in U.S. currency constitutes property involved in a financial transaction, or attempted transaction, that was derived from proceeds of some form of unlawful activity, in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## FIFTH CLAIM FOR RELIEF

69.     The Plaintiff repeats and incorporates by reference the paragraphs above.

70.     By the foregoing and other acts, defendant $19,920.00 in U.S. currency constitutes property involved in a monetary transaction in criminally derived property greater than $10,000.00, and is derived from specified criminal activity, in violation of 18 U.S.C. § 1957(a), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## SIXTH CLAIM FOR RELIEF

71.     The Plaintiff repeats and incorporates by reference the paragraphs above.

72.     By the foregoing and other acts, defendant $19,920.00 in U.S. currency constitutes moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished by any person in exchange for a controlled substance,

proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and/or securities used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SEVENTH CLAIM FOR RELIEF

73.     The Plaintiff repeats and incorporates by reference the paragraphs above.

74.     By the foregoing and other acts, defendant $40,000.00 in U.S. currency #2 constitutes property involved in a financial transaction, or attempted transaction, that was derived from proceeds of some form of unlawful activity, in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## EIGHTH CLAIM FOR RELIEF

75.     The Plaintiff repeats and incorporates by reference the paragraphs above.

76.     By the foregoing and other acts, defendant $40,000.00 in U.S. currency #2 constitutes property involved in a monetary transaction in criminally derived property greater than $10,000.00, and is derived from specified criminal activity, in violation of 18 U.S.C. § 1957(a), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## NINTH CLAIM FOR RELIEF

77.     The Plaintiff repeats and incorporates by reference the paragraphs above.

78.     By the foregoing and other acts, defendant $40,000.00 in U.S. currency #2 constitutes property involved in an unlicensed money transmitting business, which

affected interstate or foreign commerce in any manner or degree, and without an appropriate money transmitting license, in violation of 18 U.S.C. § 1960(a)(1)(A), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

<u>TENTH CLAIM FOR RELIEF</u>

79.    The Plaintiff repeats and incorporates by reference the paragraphs above.

80.    By the foregoing and other acts, defendant $40,000.00 in U.S. currency #2 constitutes moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and/or securities used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

<u>ELEVENTH CLAIM FOR RELIEF</u>

81.    The Plaintiff repeats and incorporates by reference the paragraphs above.

82.    By the foregoing and other acts, defendant $40,000.00 in U.S. currency #3 constitutes property involved in a financial transaction, or attempted transaction, that was derived from proceeds of some form of unlawful activity, in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

<u>TWELFTH CLAIM FOR RELIEF</u>

83.    The Plaintiff repeats and incorporates by reference the paragraphs above.

84.     By the foregoing and other acts, defendant $40,000.00 in U.S. currency #3 constitutes property involved in a monetary transaction in criminally derived property greater than $10,000.00, and is derived from specified criminal activity, in violation of 18 U.S.C. § 1957(a), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## THIRTEENTH CLAIM FOR RELIEF

85.     The Plaintiff repeats and incorporates by reference the paragraphs above.

86.     By the foregoing and other acts, defendant $40,000.00 in U.S. currency #3 constitutes property involved in an unlicensed money transmitting business, which affected interstate or foreign commerce in any manner or degree, and without an appropriate money transmitting license, in violation of 18 U.S.C. § 1960(a)(1)(A), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## FOURTEENTH CLAIM FOR RELIEF

87.     The Plaintiff repeats and incorporates by reference the paragraphs above.

88.     By the foregoing and other acts, defendant $40,000.00 in U.S. currency #3 constitutes moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and/or securities used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FIFTEENTH CLAIM FOR RELIEF

89.     The Plaintiff repeats and incorporates by reference the paragraphs above.

90.     By the foregoing and other acts, defendant $40,000.00 in U.S. currency #4 constitutes moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and/or securities used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

SIXTEENTH CLAIM FOR RELIEF

91.     The Plaintiff repeats and incorporates by reference the paragraphs above.

92.     By the foregoing and other acts, defendant $7,686.00 in U.S. currency constitutes moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and/or securities used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

SEVENTEENTH CLAIM FOR RELIEF

93.     The Plaintiff repeats and incorporates by reference the paragraphs above.

94.     By the foregoing and other acts, defendant $91,025.00 in U.S. currency constitutes moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and/or securities used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

<u>EIGHTEENTH CLAIM FOR RELIEF</u>

95.     The Plaintiff repeats and incorporates by reference the paragraphs above.

96.     By the foregoing and other acts, defendant $31,000.00 in U.S. currency constitutes moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and/or securities used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 1st day of June 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By:   s/ Tonya S. Andrews
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: tonya.andrews@usdoj.gov
*Attorney for Plaintiff*